```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION


NEELY STROUPE                                         PLAINTIFF

VS.                          CIVIL ACTION NO. 5:07-cv-54(DCB)(JMR)

ALL AMERICAN CHECK CASHING, INC.                      DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant's motion for summary judgment **(docket entry 16)**, and on the plaintiff's motion to strike **(docket entry 17)**.[1]  Having carefully reviewed the motions and responses, the memoranda of the parties and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

The plaintiff was employed by the defendant corporation from April 16, 2005, until she resigned on May 30, 2006. Complaint, ¶¶ 7, 11. In her complaint, brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the plaintiff alleges that she was subjected to sexual harassment by a fellow employee and supervisor, Roy Arnold.[2] Id., ¶ 8. She claims that she was retaliated against by her employer for reporting the

---

[1] Prior to the filing of the defendant's brief in support of its motion, the plaintiff filed a motion to strike the defendant's motion for failure to file a memorandum of authorities. The defendant sought leave of court to file its brief, and leave was granted. Therefore, the plaintiff's motion to strike is moot.

[2] The plaintiff's complaint also names Roy Arnold as a defendant, but he was never served with process.

harassment.  Id., ¶ 11.  She also asserts a claim against her employer under state law for intentional infliction of emotional distress.  Id., ¶ 17.

The defendant moves for summary judgment on all claims.  In her response to the defendant's motion, the plaintiff concedes that her sexual harassment claim and claim for intentional infliction of emotional distress should be dismissed.  Plaintiff's Brief, p. 4.

As for the plaintiff's retaliation claim, the defendant in its motion for summary judgment asserts that the plaintiff cannot establish a prima facie case.  Rule 56(c) of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the

opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

In order to establish a prima facie case of retaliation, the plaintiff must show that: (1) she participated in an activity protected by Title VII; (2) the defendant employer took an adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action. McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to produce a legitimate, non-retaliatory reason for its action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the defendant proffers such a reason, then the plaintiff bears the ultimate burden of proving that the given reason is merely pretext for retaliation. Id. at 804-05.

The plaintiff has met the first requirement of her prima facie case by showing that she participated in protected activity by reporting sexual harassment to her employer. The second requirement requires that her employer took "an adverse employment

action" against her.  To meet this requirement, the plaintiff alleges that her office was "ransacked" by the owner of the defendant corporation, Michael Gray.  The undisputed facts show that over the Memorial Day weekend of 2006, when the plaintiff's office was closed, Gray entered the office and found customer files on the counter in violation of company policy.  He removed the files and placed them on the floor next to the plaintiff's desk.  Declaration of Michael Gray, ¶¶ 19-22.  Upon returning to work on May 30, 2006, the plaintiff became upset and submitted her resignation.  Deposition of Neely Stroupe, pp. 38-50.

"In determining whether a defendant's action constitutes an adverse employment action, [the Fifth Circuit is] concerned solely with ultimate employment decisions." Hockman v. Westward Communications, LLC, 407 F.3d 317, 330 (5th Cir. 2004)(internal quotations and citations omitted).  "Ultimate employment decisions include acts 'such as hiring, granting leave, discharging, promoting, and compensation.'" Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A., 139 F.3d 532, 540 (5th Cir. 1998)(quoting Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995)).  The record, including the plaintiff's own testimony, shows that the plaintiff's resignation was her own decision.  Deposition of Neely Stroupe, pp. 38-50.  Therefore, the only act alleged by the plaintiff to constitute an adverse employment action was the removal of the files from the counter, a trivial act which neither

altered an important condition of her employment nor resulted in the denial of an employment benefit, and which had no negative consequence on her employment except in her own subjective belief. Moreover, the defendant offers a legitimate, non-discriminatory reason for removing the files from the counter, i.e. the violation of company policy, which the plaintiff does not rebut.

The Court finds that the plaintiff has failed to make a sufficient showing to establish the existence of one or more of the essential elements of her case, and that the defendant is entitled to judgment as a matter of law.  Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the defendant's motion for summary judgment **(docket entry 16)**, is GRANTED;

FURTHER ORDERED that the plaintiff's motion to strike **(docket entry 17)** is MOOT.

A separate final judgment dismissing this action with prejudice shall be entered.

SO ORDERED, this the   25th   day of March, 2008.


                                    s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE